UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20623-CR-LENARD

18 U.S.C. § 371
18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)
18 U.S.C. § 1028A(a)(1)
42 U.S.C. § 1320d-6(a)(2) and (b)(3)
18 U.S.C. § 2

MAGISTRATE JUDGE
GARBER

FILED by LW D.C.
JUL 2 3 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

UNITED STATES OF AMERICA

v.

RUBEN RODRIGUEZ,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Jackson Memorial Hospital ("JMH"), a member of Jackson Health System, was a hospital located in Miami, Florida. As such, JMH was a health care provider. JMH employed computers that were used in interstate commerce and interstate communication.

2. Rebecca Garcia was employed by JMH from on or about November 30, 1987, to on or about March 30, 2009. Leading up to her termination on March 30, 2009, Rebecca Garcia was an ultrasound technician in the Abdominal and Vascular Ultrasound Department, and therefore was authorized to access JMH computers, that were used in and affecting interstate commerce and communication, for the purpose of performing her job duties. Rebecca Garcia was not authorized to access JMH computers for the purpose of stealing JMH's patients' personal identification

information.

3. Defendant **RUBEN RODRIGUEZ** was an associate of Rebecca Garcia. **RODRIGUEZ** was not authorized to access JMH computers for any purpose.

## COUNT 1
### Conspiracy
### (18 U.S.C. § 371)

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around November of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN RODRIGUEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with Rebecca Garcia and others known and unknown to the Grand Jury, to defraud the United States and to commit certain other offenses against the United States, namely:

    a. to intentionally access a computer without authorization or exceed authorized access, and thereby obtain information from a protected computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i);

    b. to knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i), in violation of Title 18, United States Code, Section 1028A(a)(1); and

    c. to knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtain individually identifiable health information relating

to an individual, with the intent to sell, transfer, and use, and cause to be used, individually identifiable health information for personal gain, in violation of Title 42, United States Code, Section 1320d-6(a)(2) and (b)(3).

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy that the defendant, Rebecca Garcia and others, would unlawfully enrich themselves by: (a) stealing personal identification information of JMH patients, including, among other information, the patients' names, addresses, telephone numbers, and admitting diagnoses, and (b) selling the patients' information.

## MANNER AND MEANS

The manner and means by which **RUBEN RODRIGUEZ**, Rebecca Garcia and others sought to accomplish the objects and purpose of the conspiracy included the following:

4. **RUBEN RODRIGUEZ** discussed with Rebecca Garcia a business proposition whereby Rebecca Garcia could sell stolen personal identification information to co-conspirators.

5. Rebecca Garcia exceeded her authorized access to JMH's computer system to obtain and print out personal identification information pertaining to JMH patients.

6. Rebecca Garcia then provided the personal identification information she had obtained from JMH's computer system to **RUBEN RODRIGUEZ** in return for payment.

7. **RUBEN RODRIGUEZ** then sold the personal identification information obtained by Rebecca Garcia to an attorney, who would use the personal identification information to improperly solicit JMH patients with hopes of representing them in future legal proceedings.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, the following overt acts, among others, were committed in Miami-Dade County, in the Southern District of Florida, and elsewhere, by at least one co-conspirator:

8. In or around November of 2006, **RUBEN RODRIGUEZ** agreed that Rebecca Garcia was to illegally access and obtain personal identification information of JMH patients and sell said information to **RODRIGUEZ**.

9. In or around December of 2006, Rebecca Garcia began illegally accessing and obtaining personal identification information of JMH patients and selling said information to defendant **RUBEN RODRIGUEZ**.

10. On or about February 5, 2009, Rebecca Garcia accessed JMH databases and obtained personal identification information of a patient, identified by the initials E.A.

11. On or about March 6, 2009, Rebecca Garcia accessed JMH databases and obtained personal identification information of a patient, identified by the initials D.J.

12. On or about March 20, 2009, Rebecca Garcia accessed JMH databases and obtained personal identification information of a patient, identified by the initials E.O.

13. Between in or around December of 2006 and March 30, 2009, **RUBEN RODRIGUEZ** received the unlawfully obtained personal identification information of JMH patients from Rebecca Garcia.

14. Between in or around December of 2006 and March 30, 2009, **RUBEN RODRIGUEZ** paid Rebecca Garcia money in exchange for the personal identification information of JMH patients.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
## Fraud in Connection with Computers
## (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i))

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around December of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN RODRIGUEZ,**

with the aid of Rebecca Garcia, intentionally accessed a computer without authorization or exceeded authorized access, and thereby obtained information from a protected computer, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and 2.

## COUNT 3
## Wrongful Disclosure of Individually Identifiable Health Information
## (42 U.S.C. § 1320d-6(a)(2))

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around December of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN RODRIGUEZ,**

with the aid of Rebecca Garcia, then an employee of a health care provider, knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained and caused to be obtained individually identifiable health information relating to an individual, with the intent to sell, transfer, and use, and caused to be used, individually identifiable health information, for personal gain, that is, **RUBEN RODRIGUEZ** caused Rebecca Garcia to

obtain individually identifiable health information relating to an individual, that is, JMH patients' names, addresses, telephone numbers, and admitting diagnoses, which had been collected by the health care provider, with the intent to sell, transfer, and use said information for personal gain.

In violation of Title 42, United States Code, Section 1320d-6(a)(2) and (b)(3), and Title 18, United States Code, Section 2.

## COUNTS 4-6
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

1. Paragraphs 1 through 3 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RUBEN RODRIGUEZ,**

during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Section 1030(a)(4), did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, names of JMH patients, as set forth in the

individual counts below:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 4 | 02/05/09 | E.A.'s name |
| 5 | 03/06/09 | D.J.'s name |
| 6 | 03/20/09 | E.O.'s name |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL

_____
GRAND JURY FOREPERSON

_____
JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

_____
O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| RUBEN RODRIGUEZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____/ | Superseding Case Information: |

New Defendant(s)      Yes ____   No ____
Number of New Defendants      ____
Total number of counts      ____

**Court Division:** (Select One)

- X   Miami        ____ Key West         ____ FTP
- ____ FTL         ____ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take    3    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days    X          Petty         ____
   II   6 to 10 days   ____       Minor         ____
   III  11 to 20 days  ____       Misdem.       ____
   IV   21 to 60 days  ____       Felony        X
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes:
   Magistrate Case No.   _____
   Related Miscellaneous numbers:   _____
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   X   No

_____
O. BENTON CURTIS
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501022

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Ruben Rodriguez

**Case No:** _____

Count #: 1

Conspiracy

18 U.S.C. § 371

*Max. Penalty: Five (5) years' imprisonment

Count #: 2

Fraud in Connection with Computers

18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)

*Max. Penalty: Five (5) years' imprisonment

Count #: 3

Wrongful Disclosure of Individually Identifiable Health Information

42 U.S.C. § 1320d-6(a)(2) and (b)(3)

*Max. Penalty: Ten (10) years' imprisonment

Counts #: 4-6

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)

*Max. Penalty: Two (2) years' imprisonment consecutive as to any conviction

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.