

SEP 17, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>09-20623-CR-LENARD(s)</u>
18 U.S.C. § 371
18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)
18 U.S.C. § 1028A(a)(1)
42 U.S.C. § 1320d-6(a)(2) and (b)(3)
18 U.S.C. § 2

UNITED STATES OF AMERICA

v.

RUBEN RODRIGUEZ and
MARIA VICTORIA SUAREZ,

  Defendants.
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Superseding Indictment:

1. Jackson Memorial Hospital ("JMH"), a member of Jackson Health System, was a hospital located in Miami, Florida. As such, JMH was a health care provider. JMH employed computers that were used in interstate commerce and interstate communication.

2. Rebecca Garcia was employed by JMH from on or about November 30, 1987, to on or about March 30, 2009. Leading up to her termination on March 30, 2009, Rebecca Garcia was an ultrasound technician in the Abdominal and Vascular Ultrasound Department, and therefore was authorized to access JMH computers, that were used in and affecting interstate commerce and communication, for the purpose of performing her job duties. Rebecca Garcia was not authorized

to access JMH computers for the purpose of stealing JMH's patients' personal identification information.

3. Defendants **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ**, husband and wife, were associates of Rebecca Garcia. Neither **RODRIGUEZ** nor **SUAREZ** was authorized to access, directly or through others, JMH computers for any purpose.

### COUNT 1
**Conspiracy**
**(18 U.S.C. § 371)**

1. Paragraphs 1 through 3 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around November of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
**and**
**MARIA VICTORIA SUAREZ,**

did knowingly and willfully combine, conspire, confederate, and agree with Rebecca Garcia and others, known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

    a. to intentionally access a computer without authorization or exceed authorized access, and thereby obtain information from a protected computer, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i);

    b. to knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i), in violation

of Title 18, United States Code, Section 1028A(a)(1);

   c. to knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtain individually identifiable health information relating to an individual, with the intent to sell, transfer, and use, and cause to be used, individually identifiable health information for personal gain, in violation of Title 42, United States Code, Section 1320d-6(a)(2) and (b)(3).

## PURPOSE OF THE CONSPIRACY

3. The purpose of the conspiracy was for the defendants, Rebecca Garcia, and their co-conspirators, to unlawfully enrich themselves by: (a) stealing personal identification information of JMH patients, including, among other information, the patients' names, addresses, telephone numbers, and admitting diagnoses; and (b) selling the patients' information.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which **RUBEN RODRIGUEZ, MARIA VICTORIA SUAREZ**, Rebecca Garcia, and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** met with Rebecca Garcia to discuss a business proposition whereby Rebecca Garcia would steal personal identification information of JMH patients, including patients' names, addresses, telephone numbers, and admitting diagnoses, and sell that information to **RODRIGUEZ** and **SUAREZ**.

5. Rebecca Garcia exceeded her authorized access to JMH's computer system to obtain and print out personal identification information pertaining to JMH patients.

6. Rebecca Garcia then sold the personal identification information she had obtained from

-3-

JMH's computer system to **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ**.

7. **RUBEN RODRIGUEZ** then sold the personal identification information purchased from Rebecca Garcia to an attorney, who would use the personal identification information to improperly solicit JMH patients with hopes of representing them in future legal proceedings.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects and purpose thereof, the following overt acts, among others, were committed and caused to be committed in Miami-Dade County, in the Southern District of Florida, and elsewhere, by the defendants, Rebecca Garcia, and their co-conspirators:

1. In or around November of 2006, **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** met with Rebecca Garcia and agreed that Rebecca Garcia was to illegally access and obtain personal identification information of JMH patients and sell said information to **RODRIGUEZ** and **SUAREZ**.

2. In or around December of 2006, Rebecca Garcia began illegally accessing and obtaining personal identification information of JMH patients and selling said information to **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ**.

3. On or about February 5, 2009, Rebecca Garcia accessed JMH databases and, without authorization, obtained personal identification information of a patient, identified by the initials E.A.

4. On or about March 6, 2009, Rebecca Garcia accessed JMH databases and, without authorization, obtained personal identification information of a patient, identified by the initials D.J.

5. On or about March 20, 2009, Rebecca Garcia accessed JMH databases and, without authorization, obtained personal identification information of a patient, identified by the initials E.O.

-4-

6. On or about December 17, 2007, **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** paid Rebecca Garcia $1,000 in exchange for the personal identification information of JMH patients.

7. On or about June 6, 2008, **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** paid Rebecca Garcia $1,000 in exchange for the personal identification information of JMH patients.

8. On or about October 13, 2008, **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** paid Rebecca Garcia $1,000 in exchange for the personal identification information of JMH patients.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Fraud in Connection with Computers
### (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i))

1. Paragraphs 1 through 3 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around December of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
**and**
**MARIA VICTORIA SUAREZ,**

with the aid of Rebecca Garcia, intentionally accessed a computer without authorization or exceeded authorized access, and thereby obtained information from a protected computer, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i) and 2.

## COUNT 3
### Wrongful Disclosure of Individually Identifiable Health Information
### (42 U.S.C. § 1320d-6(a)(2) and (b)(3))

1. Paragraphs 1 through 3 of the General Allegations section of this Superseding Indictment are realleged and incorporated by reference as if fully set forth herein.

2. From in or around December of 2006, and continuing through on or about March 30, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ
and
MARIA VICTORIA SUAREZ,**

with the aid of Rebecca Garcia, then an employee of a health care provider, knowingly and for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C, obtained and caused to be obtained individually identifiable health information relating to an individual, with the intent to sell, transfer, and use, and caused to be used, individually identifiable health information, for personal gain, that is, **RUBEN RODRIGUEZ** and **MARIA VICTORIA SUAREZ** caused Rebecca Garcia to obtain individually identifiable health information relating to an individual, that is, JMH patients' names, addresses, telephone numbers, and admitting diagnoses, which had been collected by the health care provider, with the intent to sell, transfer, and use said information for personal gain.

In violation of Title 42, United States Code, Section 1320d-6(a)(2) and (b)(3), and Title 18, United States Code, Section 2.

## COUNTS 4-6
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

1. Paragraphs 1 through 3 of the General Allegations section of this Superseding Indictment

-6-

are realleged and incorporated by reference as if fully set forth herein.

    2. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RUBEN RODRIGUEZ**
**and**
**MARIA VICTORIA SUAREZ,**

during and in relation to a felony violation of Title 18, United States Code, Chapter 47, to wit, Title 18, United States Code, Section 1030(a)(4), did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, names of JMH patients, as set forth in the individual counts below:

| COUNT | DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 4 | 02/05/09 | E.A.'s name |
| 5 | 03/06/09 | D.J.'s name |
| 6 | 03/20/09 | E.O.'s name |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

A TRUE BILL

_____
GRAND JURY FOREPERSON

_____
JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

_____
O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY

-7-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. 09-20623-CR-LENARD(s) |
|---|---|
| vs. | |
| RUBEN RODRIGUEZ and MARIA VICTORIA SUAREZ, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendants._____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

  X  Miami  ___ Key West
  ___ FTL    ___ WPB       ___ FTP

New Defendant(s)           Yes  X   No ___
Number of New Defendants        1
Total number of counts          6

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    3-4    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days      X            Petty     ___
   II   6 to 10 days     ___          Minor     ___
   III  11 to 20 days    ___          Misdem.   ___
   IV   21 to 60 days    ___          Felony     X
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge: _Lenard_____    Case No. _09-20623_____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ___ Yes    X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ___ Yes    X  No

O. BENTON CURTIS III
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501022

*Penalty Sheet(s) attached                                REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RUBEN RODRIGUEZ

**Case No:** 09-20623-CR-LENARD(s)

Count #: 1

Conspiracy

18 U.S.C. § 371

**\* Max.Penalty:** Five (5) years' imprisonment

Count #: 2

Fraud in Connection with Computers

18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)

**\*Max. Penalty:** Five (5) years' imprisonment

Count #: 3

Wrongful Disclosure of Individually Identifiable Health Information

42 U.S.C. § 1320d-6(a)(2) and (b)(3)

**\*Max. Penalty:** Ten (10) years' imprisonment

Counts #: 4-6

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)

**\*Max. Penalty:** Two (2) years' imprisonment consecutive as to any conviction

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** MARIA VICTORIA SUAREZ

**Case No:** 09-20623-CR-LENARD(s)

Count #: 1

Conspiracy

18 U.S.C. § 371

\* **Max.Penalty:** Five (5) years' imprisonment

Count #: 2

Fraud in Connection with Computers

18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)

\***Max. Penalty:** Five (5) years' imprisonment

Count #: 3

Wrongful Disclosure of Individually Identifiable Health Information

42 U.S.C. § 1320d-6(a)(2) and (b)(3)

\***Max. Penalty:** Ten (10) years' imprisonment

Counts #: 4-6

Aggravated Identity Theft

18 U.S.C. § 1028A(a)(1)

\***Max. Penalty:** Two (2) years' imprisonment consecutive as to any conviction

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.