# United States District Court
## Southern District of Florida
### MIAMI DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number - 1:09-20623-CR-(s)(s)-1 |
| **RUBEN RODRIGUEZ** | USM Number: 86300-004 |
| | Counsel For Defendant: Philip Horowitz |
| | Counsel For The United States: Ben Curtix |
| | Court Reporter: Lisa Edwards |

The defendant pleaded guilty to Count(s) 1,4 of the Indictment.
The defendant is adjudicated guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Offense or to Defraud United States | March 30, 2009 | 1 |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | February 5, 2009 | 4 |

The defendant is sentenced as provided in the following pages of this judgment[1]. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
October 25, 2010

JOAN A. LENARD
United States District Judge

October 28, 2010

---

[1] Appended to this Judgment is a Supplement to Judgment and Commitment Order which is incorporated and made part of this Judgment.

DEFENDANT: RUBEN RODRIGUEZ
CASE NUMBER: 1:09-20623-CR-(s)(s)-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **132 months total. 60 months as to count 1 of 09-20623-CR-JAL to run consecutively to 48 months as to count 1 of 10-20124-CR-JAL and 24 months as to count 4 of 09-20623-CR-JAL to run consecutively to 60 months as to count 1 of 09-20623-CR-JAL and 48 months as to count 1 of 10-20124-CR-JAL.**

The defendant is remanded to the custody of the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:

Defendant be placed in an institution in Florida or as close to Florida as possible.
Defendant be evaluated for drug/alcohol treatment.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                UNITED STATES MARSHAL

                                                        By:_____
                                                                Deputy U.S. Marshal

DEFENDANT: RUBEN RODRIGUEZ
CASE NUMBER: 1:09-20623-CR-(s)(s)-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1year as to count 4 and 3 years as to count 1 of both cases, all to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 48 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **forty-eight (48) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RUBEN RODRIGUEZ
CASE NUMBER: 1:09-20623-CR-(s)(s)-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

**Financial Disclosure Requirement** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

-The defendant shall not own, directly or indirectly, or be employed, directly or indirectly, in any business involving medical care or attorney referral without the Court's prior written approval.

**Permissible Search** - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Self-Employment Restriction** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: RUBEN RODRIGUEZ
CASE NUMBER: 1:09-20623-CR-(s)(s)-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on the Schedule of Payments sheet.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200 | $50,000 on 09-20623-CR-JAL | $ |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RUBEN RODRIGUEZ
CASE NUMBER: 1:09-20623-CR-(s)(s)-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    A.  Lump sum payment of **$50,200** due immediately, balance due

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **400 NORTH MIAMI AVENUE, ROOM 8N09**
    **MIAMI, FLORIDA 33128-7716**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos. 09-20623-CR-LENARD
10-20124-CR-LENARD

UNITED STATES OF AMERICA,

v.

RUBEN RODRIGUEZ, et al.,

Defendants.
_____/

## SUPPLEMENT TO JUDGMENT AND COMMITMENT ORDER

Pursuant to 18 U.S.C. § 3553(c)(2), the Court issues this Order adopting and supplementing the findings made in open court on October 25, 2010, at the sentencing hearing for Defendant Ruben Rodriguez ("Rodriguez").[1] The Court imposed a sentence including a term of imprisonment of 132 months. As stated in open court at the hearing, the Court finds an upward departure warranted where the offense level determined under U.S.S.G. § 2B1.1 substantially understates the seriousness of the offenses. Pursuant to Application Note 19 of that guideline, the Court considers the upward departure warranted based on the presence of several factors including: (1) the offense caused or risked substantial non-monetary harm and resulted in a substantial invasion of a privacy interest

---

[1] 18 U.S.C. § 3553(c) provides in relevant part that, "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment."

(through the theft of personal medical information) and (2) the defendant sought stolen information from a "protected computer" in order to further a broader criminal purpose. The Court also considers this case to be "outside the heartland" of cases involving conduct described in U.S.S.G. § 2B1.1 based upon the fact that the Sentencing Guidelines do not take into account such factors as: (1) the vast number of victims whose medical information and privacy were compromised (at least 3000 victims based upon a conservative estimate of the facts contained in the Advisory Pre-Sentence Investigation Report); (2) the prolonged nature of the conspiracy; and (3) the large amount of pecuniary gain to the defendant. For the reasons stated in open court at the sentencing hearing, and as supplemented herein, the Court finds an upward departure of seven levels appropriate based on this case being outside the heartland of those cases contemplated by U.S.S.G. § 2B1.1 and because the relevant conduct in this case substantially understates the seriousness of the offenses for which the defendant was convicted.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of October, 2010.

*Joan A. Lenard*
JOAN A. LENARD
**UNITED STATES DISTRICT JUDGE**